ROSA VIGIL-GALLENBERG ESQ. (SBN 251872)
GALLENBERG PC
800 S Victory Blvd., Suite 203
Burbank CA 91502
Telephone:  (818) 237-5267
Facsimile:    (818) 330-5266
E-mail: rosa@gallenberglaw.com

Attorneys for Plaintiff and the Class,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYM NEWTON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, a North Carolina Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. _____<br><br>**FEDERAL RULE 23 CLASS ACTION COMPLAINT FOR:**<br><br>**(1) OBTAINING CONSUMER REPORTS WITHOUT FACIALLY VALID AUTHORIZATIONS IN VIOLATION OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681b (b)(2)(A); 15 U.S.C. §1681n(a)]; AND**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiff Kymberleigh Newton ("Kym Newton" or "Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel, brings this Class Action Complaint ("Complaint") against Defendant Bank of America, National Association ("BOFA" or "Defendant") and alleges as follows:

1

*Plaintiff's Class Action Complaint*

## I. NATURE OF ACTION

1. Plaintiff brings this action on behalf of herself, and as a nationwide class action on behalf of all individuals who executed online authorization forms permitting Defendant to obtain a consumer report as part of the employment application process at any time on or after May 14, 2009 (the "Class Period") challenging Defendant's uniform policy to obtain consumer reports on the basis of legally invalid authorization form that contained language constituting a waiver of claims against those who obtain the consumer reports. Specifically, Defendant's use of an authorization form containing a waiver of liability against those that obtain the consumer reports constitutes a willful violation of the Fair Credit Reporting Act's requirement that the authorization forms be set forth in a document that "consists solely of the disclosure", and its inclusion in Defendant's forms not only invalidates the forms but also triggers statutory damages in the amount of up to $1,000 for each individual for whom Defendant obtained a consumer report without a facially valid authorization, as well as punitive damages, and attorneys' fees and costs, all of which is sought now by Plaintiff and the members of the Class.

## II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331(a) and 15 U.S.C. §1681p of the Fair Credit Reporting Act, codified at 15 U.S.C. §1681 et seq. (hereinafter "FCRA"), because this case involves federal FCRA claims and thus arises under the laws of the United States.

3. Defendant is within the personal jurisdiction of this Court. Defendant transacts business throughout the United States, including in the State of California. Thus, Defendant has obtained the benefits of the laws of the United States and the State of California and is subject to personal jurisdiction by this court. Plaintiff is a citizen of the state of California and therefore subject to personal jurisdiction in this court.

4. Venue is also proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims, as well as the course of conduct charged herein, occurred in Los Angeles County within this District and this Division.

### III. THE PARTIES

5. Plaintiff, who at all relevant times referenced herein, resided in California, is a former employee of Defendant. In or around May 19, 2011, in connection with Plaintiff's application for employment with Defendant, Plaintiff executed an online FCRA authorization form that purported to allow Defendant to obtain consumer reports on her.

6. Upon information and belief, Defendant is a Corporation doing business in California and throughout the United States by operating numerous locations throughout the State of California and the United States. Its headquarters and principal place of business is located in 150 N. College St., NC1-028-17-06 Charlotte NC 28255. Defendant obtained consumer reports on Plaintiff and similarly situated persons without having obtained facially valid FCRA authorization forms. Defendant is believed to employ hundreds of thousands of employees.

7. Throughout the Class Period, Defendant employed consumer reports on thousands of applicants and employees in violation of the FCRA without paying them statutory or punitive damages for Defendant's violations.

### IV. CLASS ACTION ALLEGATIONS

8. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. Rule23(b)(3) on behalf of a class consisting of:

> **All persons who executed online authorization forms permitting Defendant to obtain a consumer report as part of an employment application at any time on or after May 14, 2009 (the "Class").**

9. <u>Numerosity.</u> There are thousands of individuals in the Class. Given

Defendant's systemic failure to comply with the FCRA, the members of the Class are so numerous that joinder of all members is impractical.

10. <u>Typicality.</u> Plaintiff's claims are typical of the claims of the members of the Class, because all class members executed authorization forms permitting Defendant to obtain a consumer report as part of their employment application process that were facially invalid due to their inclusion of a liability waiver within the authorization forms.

11. <u>Adequacy of Representation.</u> Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any member of the Class. Plaintiff has retained counsel competent and experienced in complex class action litigation with sufficient financial resources to litigate this case through class certification and trial.

12. <u>Predominance of Common Issues.</u>  Common questions of law and fact exist as to all members of the Class, and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and the Class are:

    a.    Whether Defendant's online FCRA authorization forms executed by Plaintiff and the Class were facially invalid by virtue of their inclusion of language containing a release of claims such that the authorization forms no longer constituted a document that "consists solely of the disclosure", as required by Section 1681b (b)(2)(A) of the FCRA;

    b.    Whether Defendant violated Section 1681(b)(2)(A) of the FCRA by including language constituting a release of claims as part of its online FCRA authorization forms;

    c.    Whether Defendant willfully violated the FCRA

4

        thereby triggering statutory damage to Plaintiff and the members of the Class as set forth Section 1681n(a) of the FCRA;

  d. Plaintiff and the members of the Class are entitled to statutory damages under Section 1681n(a) of the FCRA and, if so, the amount and calculation of such statutory damages; and

  e. Whether Plaintiff and other class members are entitled to recover punitive damages under Section 1681n(a)(2) of the FCRA and, if so, the amount and calculation of such punitive damages.

13. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class members are readily identifiable from Defendant's employment applications and other records.

14. Defendant's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendants.

15. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the statutory damage amount at stake for each class member— from $100 to $1,000 for each Class member — while substantial in

5

*Plaintiff's Class Action Complaint*

the aggregate, is not sufficient to enable Class members to maintain separate individual suits against Defendant.

## V. FACTUAL ALLEGATIONS

16. Plaintiff repeats and re-alleges each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

17. Throughout the Class Period, in connection with her and their online applications for employment, Plaintiff and all of the members of the putative Class executed an online authorization form purportedly authorizing Defendant to obtain consumer reports pertaining to them, including criminal background checks, credit checks and other similar reports.

18. The online authorization forms all contained language releasing those that obtain the consumer reports from all liability, in violation of the FCRA's requirement that the authorizations be pristine documents that contain nothing other than the required disclosures and the requested authorization. In other words, Defendant's authorizations forms were facially invalid.

19. On or about May 19, 2011, during the online job application process, Plaintiff electronically signed a document titled Consent Form Standard Package (hereinafter "Consent Form"). " This "Consent Form" was a boiler plate standardized background check authorization that was single spaced and five-pages long, and contained in relevant part, the following language:

> In connection with my employment or application for employment with Bank of America ("Bank") I authorize bank to request and obtain a consumer report that may contain information about my prior employment.
>
> I hereby authorize my prior employers to provide information about me to Bank of America for employment purposes and I release them and Bank of America and all of their respective affiliated entitles officers, directors, agents, and employees from any and all claims and liabilities of any nature (including costs and attorneys' fees) arising

6

*Plaintiff's Class Action Complaint*

from or related to such Inquiry or investigation or the supplying of information for such Inquiry or investigation or the content of any information used, obtained or supplied.

In addition to these paragraphs, the "Consent Form" contained other paragraphs including an assignment of intellectual property to Defendant, a non-solicitation restriction agreement by the applicant, a paragraph which certify that the applicant has not knowingly withheld any information that might adversely affect her chances for employment; a paragraph about the Banks's Rules, another paragraph about Hours, Schedule and Job Assignment, another paragraph about Resignation and Termination informing the applicants about their at-will status, a paragraph of Return of Property, and Bank of America employment disclosures.

Plaintiff electronically signed this "Consent Form" and it was stamped with the date "5/19/2011"

20. On information and belief, days later Plaintiff successfully passed the background check conducted by Defendant.

21. After Plaintiff passed the background check, she was officially hired by Defendant.

22. On June 2011, Plaintiff arrived for her first day of work and worked with Defendant.

23. Despite having no valid FCRA disclosure/authorization forms on file for Plaintiff and the members of the Class, Defendant nevertheless obtained thousands of consumer reports throughout the Class Period on Plaintiff and the members of the Class in clear violation of the FCRA.

24. Defendant's obtaining consumer reports without having facially valid authorization/disclosure forms constitutes a willful violation of the FCRA, triggering Defendant's obligation to pay statutory and punitive damages to Plaintiff and the members of the Class under the FCRA and applicable law.

## VI. CAUSES OF ACTION

7

*Plaintiff's Class Action Complaint*

# FIRSTCAUSE OF ACTION
## OBTAINING CONSUMER REPOERTS WITHOUT HAVING FACIALLY VALID AUTHORIZATION ON FILE IN VIOLATION OF THE FAIR CREDIT REPORTING ACT

**[15 U.S.C. § 1681b(b)(2)(A); 15 U.S.C. § 1681n (a)]**

25. Plaintiff re-alleges and incorporates by reference the information set forth in all preceding paragraphs, as though fully set forth and alleged herein.

26. Pursuant to the FCRA, consumer reports may be issued for "employment purposes," 15 U.S.C. § 1681b(a)(3)(B), including the evaluation of "a consumer for employment, promotion, reassignment or retention of an employee." *Id*. at §1681a(h).

27. The FCRA requires that, prior to procuring a consumer report on an applicant for employment, an employer must: (1) provide a clear and conspicuous disclosure to each application in writing that a consumer report may be obtained for employment purposes; and (2) obtain the applicant's authorization in writing to obtain the report.15 U.S.C. § 1681b(b)(2)(A). Section 1681b(b)(2)(A) further specifies that the disclosure must be in writing "in a document that consists solely of the disclosure".

28. Specifically, Section 1681b(b)(2)(A) provides, in relevant part:

> "… a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> (i) ***a clear and conspicuous disclosure*** has been made to the consumer at the time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes and.:
>
> (ii) the consumer has authorized in writing … the

procurement of the report to that person." 15 U.S.C § 1681b (b)(2)(A) (emphasis added).

29. In the instant case, Defendant required Plaintiff to sign a "Consent Form" as part of the online job application which is invalid since it included a waiver of claims in its authorization form that were executed by applicants for employment nationwide throughout the Class Period.

30. Defendant's inclusion of a waiver provision (and other information as more fully described above) in its authorization forms executed by applicants facially contravenes the FCRA's requirement that a "clear and conspicuous" disclosure appear "***in a document that consists* solely** of the disclosure." 15 U.S.C. §1681(b)(2)(A)(i) (emphasis added).

31. As a matter of law, the inclusion of language constituting a release of claim invalidates the authorization form for purposes of the FCRA. *See Reardon v. Closet Maid Corporation*, No. 2:08-CV-01730, 2013 U.S. Dist. LEXIS 169821 (W.D.Pa. Dec. 2, 2013) (granting partial summary judgment to plaintiff on plaintiff's section 1681b(b)(2)(a) claim, noting that "Closet maid's inclusion of a release provision in the Authorization Form … facially violates section 1681b(b)(2(A)(i)" because "the Authorization form simply does not comply with the FCRA's express requirement that the disclosure appear in a document that consists solely of a disclosure (or, at most, a disclosure and authorization only."); *Singleton v. Domino's Pizza*, No. 11- 1823, 2-12 W.L. 245965, *9 (D.Md. Jan. 25, 2012) (denying employer's motion to dismiss plaintiff's section 1681b(b)(2)(a) claim, finding that "both the statutory text and FTC advisory opinions indicate that an employer violates the FCRA by including a liability release in a disclosure document"); see also, Letter from William Haynes, Attorney, Div. of Credit Practices, Fed Trade Comm'n to Richard W. Hauxwekk, CEEO, Accufax Div. (June 12, 1998), 1998 W.L. 34323756 (F.T.C.) (noting that the inclusion of a waiver in a disclosure form will violate the FCRA); Letter from Cynthia Lamb,

9

*Plaintiff's Class Action Complaint*

Investigator, Div. of Credit Practices, Fed. Trade Comm'n to Richard Steer, Jones Hirsh Connors & Bull, P.C. (Oct. 21,1997), 1997 W.L. 33791227 (F.T.C.) (although disclosure form may include authorization itself, nothing else should be included in the disclosure form).

32. The FCRA permits a plaintiff to recover actual, statutory and/or punitive damages, along with attorneys' fees, in cases of willful noncompliance. See 15 U.S.C. §1681n(a)(1)-(3). A defendant acts willfully under the FCRA by either knowingly or recklessly disregarding its statutory duty. *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 57-60 (2007).

33. Here, because the FCRA itself and the FTC's applicable guidance are all clear and unambiguous that language constituting a release of claims cannot be included in FCRA authorization forms, Defendant's inclusion of a liability waiver in its authorization forms constitutes a willful violation of the FCRA's disclosure requirement, as a matter of law, triggering statutory damages. *Reardon v. ClosetMaid Corporation,* No. 2:08-CV-01730, 2013 U.S. Dist. LEXIS 169821 (W.D.Pa. Dec. 2, 2013).

34. Pursuant to 15 U.S.C. §1681n(a)(1)(A) and *Reardon*, Plaintiff and the members of the Class are each entitled to recover statutory damages of "not less than $100 and not more than $1,000";

35. Pursuant to 15 U.S.C. §1681n(a)(2), Plaintiff and the members of the Class are also entitled to recover punitive damages as the court may allow.

36. Pursuant to 15 U.S.C. §1681n(a)(3), if Plaintiff and the members of the Class prevail, they are also entitled to recover costs of suit with reasonable attorneys' fees, as determined by the court.

## VII. DEMAND FOR JURY TRIAL

37. Plaintiff hereby demands trial by jury on his individual and class-wide claims stated herein against Defendant.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, prays for judgment against Defendants as follows:

    a)    That this Court order certification pursuant to Fed. R. Civ. Pro. 23(b)(3);

    b)    That this Court appoint Plaintiff as Class Representative;

    c)    That this Court appoint Plaintiff's Counsel as Class Counsel;

    d)    <u>On the First Cause of Action</u>:

        1.    A determination and judgment that Defendant willfully violated 15 U.S.C. §1681(b)(2)(A)(i) and the FCRA by obtaining consumer reports on Plaintiff and the members of the Class without having facially valid authorization forms;

        2.    Pursuant to 15 U.S.C. §1681n(a)(1)(A), an award of statutory damages to Plaintiff and the members of the Class in an amount equal to $1,000 for Plaintiff and each member of the Class for Defendant's willful violation of the FCRA;

        3.    Pursuant to 15 U.S.C. §1681n(a)(2), an award of punitive damages to Plaintiff and the members of the Class in an amount to be determined by the Court;

        4.    An award providing for payment of costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and

//
//
//
//
//

11

*Plaintiff's Class Action Complaint*

e) For all other relief as this Court deems proper.

Respectfully submitted,

Dated: May 14, 2014

GALLENBERG PC

By: /S/ Rosa Vigil-Gallenberg

Rosa Vigil-Gallenberg Esq.

Attorneys for the Plaintiff and the Class,

*Plaintiff's Class Action Complaint*